EDWARDS, Judge.
Plaintiff, Raymond Leger, brought this action against Verdo Lancaster and Patsy Lancaster, seeking to collect the amount due on two notes executed by Patsy Lancaster. Plaintiff’s petition alleged that defendants were married to one another at all times material to the suit and were solidarily liable on the note.
Verdo Lancaster filed exceptions of prematurity, no right of action and no cause of action. All three exceptions were based upon nearly identical grounds. Lancaster maintained that he did not sign either of the notes sued upon, that presentation and demand for payment were never made upon *89 him and that the debts were not community obligations.
The trial court sustained the exceptions of prematurity and no right of action, holding that the evidence adduced failed to show that Leger had made presentation of the note and demand for payment upon Verdo Lancaster. The trial court’s written reasons for judgment are attached hereto as an appendix. Plaintiff has appealed.
On appeal, plaintiff asserts that the trial court’s conclusion that presentation and demand for payment were not made is manifestly erroneous. Alternatively, plaintiff contends that the trial court erred in dismissing his action without affording him an opportunity to amend his petition.
The record on appeal indicates that no transcript was made of the testimony on the exceptions. Nor does the record contain a narrative of facts joined in by the parties or made by the trial judge. See LSA-C.C.P. arts. 2130 and 2131.
Plaintiff’s primary specification of error presents a factual issue. When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review. Under such circumstances, this court must presume that the judgment of the trial court is correct and supported by sufficient competent evidence. Succession of Walker, 288 So.2d 328 (La.1974); DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir.1980); Vaughan v. Fair, 337 So.2d 675 (La.App. 3rd Cir.1976); Hutcherson v. Welch, 316 So.2d 144 (La.App. 2nd Cir.1975).
Thus, that portion of the trial court’s judgment sustaining the dilatory exception of prematurity is affirmed. However, the trial court’s action in sustaining the peremptory exception of no right of action is erroneous as a matter of law.
An exception of no right of action questions the right of a plaintiff to institute the suit, that is, whether he has an interest in the subject matter of the proceedings. LSA-C.C.P. art. 927; Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La.App. 3rd Cir.1981); Johnston v. Cummins, 388 So.2d 432 (La.App. 2nd Cir.1980); Worcester County Institution for Savings v. Franklin, 377 So.2d 457 (La.App. 4th Cir.1979); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). In the instant case, plaintiff has alleged that he is the holder of two promissory notes made payable to him. Clearly, Leger has a right of action to collect on the notes. The exception of no right of action was erroneously sustained and that part of the trial court’s judgment must be reversed.
Plaintiff’s alternative specification of error is that the trial court erroneously dismissed his action without allowing him the opportunity to amend his petition. In light of the conclusion that only the exception of prematurity was properly sustained, the effect of sustaining that exception alone will be considered.
An exception of prematurity is a dilatory exception. LSA-C.C.P. art. 926. The effect of sustaining a dilatory exception is regulated by LSA-C.C.P. art. 933, which provides, in pertinent part, as follows:
“... If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed.”
The trial court did not err in dismissing plaintiff’s suit.
For the foregoing reasons, that portion of the judgment of the district court sustaining defendant’s exception of prematurity and dismissing plaintiff’s petition is affirmed. That portion of the district court’s judgment sustaining defendant’s exception of no right of action is reversed. Plaintiff-appellant is to pay all costs of these proceedings, both trial and appellate.
AFFIRMED IN PART, REVERSED IN PART.
APPENDIX
REASONS WITH JUDGMENT
Raymond Leger testified in this matter as to the note, consideration and presentment.
*90 FACTS
In proceedings No. 35044, Patsy Lancaster, now deceased, and Verdo Lancaster resided separately and apart from June 6th, 1980 until April 22nd, 1981. A petition was filed for separation on June 10, 1980 by Verdo Lancaster a recon ven tional demand was filed on June 26,1980 by Patsy Lancaster. Judgment on the first rule was signed by Judge Burrell Carter on July 11th, 1980. Trial was set for April 22nd, 1981 at which time the parties and their attorneys announced in Open Court a reconciliation. According to the stipulation in court on October 1st, 1981 in docket No. 35044, Patsy Lancaster is now deceased.
Attached to the petition in 35044, filed June 23,1981 are four exhibits. A note and affidavit, dated November 12, 1980 and a note and affidavit, dated May 22, 1981. Each note and affidavit is signed by Patsy Lee Leger Lancaster.
Before the court now, are exceptions of Prematurity, No Cause of Action and No Right of Action.
No Right of Action — Prematurity
In the analogy that the plaintiff was first required to present the note for demand of payment before he could proceed in litigation, the exception of prematurity and no right of action would be proper.
Thus this court, in listening to the testimony of the parties was not satisfied presentation of payment had been made on Lancaster. The proof must preponderate in favor of the plaintiff of presentation and demand must be met. This proof was not met. To the contrary this court doubts whether or not presentation was made, thus in the suit filed, the plaintiff cannot go forward.
Therefore, the matter is dismissed for an amendment to this suit cannot correct the defect.

No Cause of Action

This issue reaches the merits. Therefore, it is unnecessary to make a decision at this time on the issue of No Cause of Action, in that there is no suit as to the defendant Verdo Lancaster, and Patsy Lancaster is now deceased and is not vulnerable to judgment.
Thus read, rendered and signed in Chambers on this 1st day of December, 1981 in Livingston, Louisiana.
fsl Samuel T. Rowe SAMUEL T. ROWE,
JUDGE DIV. “C”