641 So.2d 1062 (1994)
Richard FONTENOT, Plaintiff-Appellee,
v.
FLAIRE, INC., Defendant-Appellant.
No. 26055-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*1063 Mayer, Smith & Roberts by Frank K. Carroll, Shreveport, for appellant.
Blake Deshotels, Ville Platte, for appellee.
Before MARVIN, LINDSAY and WILLIAMS, JJ.
LINDSAY, Judge.
The defendant, Flaire, Inc., appeals from a default judgment finding that it violated LSA-R.S. 23:1361, in wrongfully discharging from its employment the plaintiff, Richard Fontenot, because he asserted a claim for worker's compensation benefits. We affirm the trial court judgment.

FACTS
On May 12, 1992, while he was working for the defendant, the plaintiff injured his left knee. He received worker's compensation benefits and was reimbursed for his medical expenses incurred in connection with the injury.
The plaintiff's physician released him to return to work on November 23, 1992. Plaintiff alleged that on that date, he contacted his supervisor at Flaire, Inc. and was informed that he would be contacted regarding a time to return to work. He claims that he was never contacted by his employer and was therefore terminated from employment because he filed a claim for worker's compensation benefits. On December 21, 1992, the plaintiff filed suit against the defendant, claiming retaliatory discharge.
*1064 Service was made on the defendant, through its agent for service of process, on December 29, 1992. The defendant did not answer the plaintiff's petition. On February 1, 1993, a preliminary default was entered. On July 13, 1993, a hearing was held to confirm the default. At the hearing, plaintiff presented evidence concerning the termination of his employment due to the assertion of his claim for worker's compensation benefits. At the conclusion of the hearing, the default was confirmed and a judgment was entered against the defendant, ordering it to pay the plaintiff $15,000 in damages, plus $5,000 in attorney fees. However, the testimony was not recorded or preserved by a court reporter, and therefore, no transcript is available.
Subsequently, the defendant suspensively appealed. The plaintiff answered the appeal.
After the appeal was lodged in this court, the defendant filed a declinatory exception of lack of subject matter jurisdiction. The defendant argued that LSA-R.S. 23:1310.3 had been amended to give the Office of Worker's Compensation exclusive jurisdiction over any claims under the Worker's Compensation Act, including claims for retaliatory discharge. Therefore, the defendant contends that the district court lacked subject matter jurisdiction over this case.
On appeal, in addition to his claim that the district court lacked subject matter jurisdiction, the defendant contends that the plaintiff's petition failed to set forth the "true reason or motive" for plaintiff's discharge. The defendant argues that the petition insufficiently alleged that the intent for the discharge was retaliation for the plaintiff's claim for worker's compensation benefits. Therefore, it argues that the plaintiff could not enlarge the pleadings to show that the discharge was retaliatory, nor could the plaintiff have presented a prima facie case entitling him to a judgment for retaliatory discharge.
The defendant also contends that the trial court's award of $5,000 in attorney fees is excessive and unreasonable.
In his answer to the appeal, the plaintiff contends that this appeal is frivolous and was undertaken to avoid the payment of damages. He argues that he should be awarded penalties and an additional attorney fee of $1,500 for defending against this appeal.

SUBJECT MATTER JURISDICTION
The question of whether a district court has subject matter jurisdiction to decide a case based on alleged retaliatory or wrongful discharge of an employee for filing a claim for worker's compensation benefits was recently considered by the Louisiana Supreme Court, in Sampson v. Wendy's Management, 593 So.2d 336 (La.1992). The Supreme Court held that suits for retaliatory discharge, under LSA-R.S. 23:1361[1], are not claims for worker's compensation benefits and therefore, LSA-R.S. 23:1310.3, which gives the Office of Worker's Compensation jurisdiction in worker's compensation matters, is not applicable. Accordingly, district courts have subject matter jurisdiction over retaliatory discharge claims.
In Sampson, supra, the Louisiana Supreme Court was called upon to interpret LSA-R.S. 23:1310.3, dealing with the initiation of claims and procedures before the Office of Worker's Compensation, in the context of jurisdiction for retaliatory discharge claims. The version of that statute considered by the court provided in pertinent part:

*1065 A. (1) All claims for any compensation or benefits under the Worker's Compensation Act shall be commenced with the filing of a notice of injury with the director. An employer or carrier mush file a first notice of injury, as otherwise provided by law. All matters pertaining to such injuries shall be presented to the director until such time as the director is notified by the filing of a petition by a party that there is a controverted issue that cannot be resolved by the parties. Receipt of such a petition by the director constitutes the initiation of a claim under Section 1209....
(4) The hearing officer shall be vested with original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act.

B. All claims so filed shall be heard by the hearing officer as provided by law. [Emphasis supplied.]
The Louisiana Supreme Court specifically held that an action brought under LSA-R.S. 23:1361 does not constitute a worker's compensation matter under LSA-Const. Art. V, § 16. The Louisiana Supreme Court found that, although the statute is contained in the Worker's Compensation Act, and although the existence of the action is contingent upon an employee or prospective employee being terminated or refused employment because of the assertion of a claim for worker's compensation benefits, the cause of action constitutes a delictual employment law matter, as a statutory exception to employment at will, codified in LSA-C.C. Art. 2747.
The court reasoned that the cause of action created by LSA-R.S. 23:1361 focuses on the employer or prospective employer's tortious action in discriminating against an employee or prospective employee because of his assertion of his statutory right to worker's compensation benefits. The court found that LSA-R.S. 23:1361 does not deal directly with an employee's right to worker's compensation benefits or with the injury the employee has sustained which may or may not lead to his receipt of worker's compensation benefits.
In finding that the cause of action created by LSA-R.S. 23:1361 was in the nature of a tort and was not a worker's compensation proceeding, the court noted that this statute is not limited in application to retaliation for a prior claim for worker's compensation benefits under the Louisiana Worker's Compensation Act. The court found that the legislature did not intend protection from discrimination only to those workers who have filed worker's compensation claims under Louisiana law. The court found that the statute also acts to bar retaliatory discharge for those who have filed claims under the Jones Act and for railroad employees who filed claims under the Federal Employer's Liability Act. Because of this fact, it would be illogical to require employees who did not assert a claim under the Worker's Compensation Act to file their claim for retaliatory discharge with this state's Office of Worker's Compensation Administration.
The court stated, "Because we conclude the action for retaliatory discharge created by LSA-R.S. 23:1361 does not constitute a worker's compensation matter or claim, district courts have not been divested of jurisdiction of this cause of action."
However, the statute, LSA-R.S. 23:1310.3, quoted above, was amended by Acts of 1991, No. 892, § 1 to provide as follows, in pertinent part:
A. A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker's Compensation Act shall be initiated by the filing of the appropriate form with the office of worker's compensation administration. Mailing the form constitutes the initiation of a claim under R.S. 23:1209....
D. Upon receipt of the answer, the hearing officer shall set the matter for hearing at the earliest available time to be heard in the appropriate judicial district as provided in R.S. 23:1310.4. An informal conference shall be held before the hearing officer assigned to the case within thirty days of the date the answer is filed. The purpose of the informal conference shall be to mediate and encourage settlement of the case or determine issues in dispute.
E. Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive *1066 jurisdiction over all claims or disputes arising out of this Chapter. [Emphasis supplied.]
The defendant contends that the amendments to LSA-R.S. 23:1310.3 provide for exclusive jurisdiction in the Office of Worker's Compensation for all claims arising under the Worker's Compensation Act. The defendant argues that the newly amended statute includes retaliatory discharge claims and therefore the district courts no longer have subject matter jurisdiction over such matters.[2]
We find no evidence of legislative intent to grant exclusive jurisdiction over retaliatory discharge claims to the Office of Worker's Compensation. The preamble to Act 892, which amended several statutes in addition to LSA-R.S. 23:1310.3, provides that the purpose of the act is as follows:
To amend and reenact R.S. 23:1271(B), 1291(B)(10) and (C)(1) and (2), 1310.1(A), 1310.3, 1310.4(A), 1310.6 and 1378(E), and to enact R.S. 23:1293(A)(4), relative to worker's compensation; to provide for utilization review procedures; to provide for settlement of claims; to provide for a medical services section; to provide for rehabilitation services; to provide for the duties of such section; to provide for public information; to designate the officer divisions; to provide relative to the dispute resolution process; to provide for answers in worker's compensation cases; to provide for appeals; and to provide for related matters.
This language fails to convey clear legislative intent to amend LSA-R.S. 23:1310.3 to provide exclusive jurisdiction to the Office of Worker's Compensation over retaliatory discharge claims.
The amendment to LSA-R.S. 23:1310.3 speaks of claims for benefits, controversion of entitlement to benefits and other relief under the Worker's Compensation Act and provides the Office of Worker's Compensation as exclusive jurisdiction over "all claims or disputes arising out of this Chapter." Although this language is broader than that contained in the prior version of LSA-R.S. 23:1310.3, it is not dissimilar to that language which was rejected by the court in Sampson, supra, as giving jurisdiction over retaliatory discharge claims to the Office of Worker's Compensation.
Further, as previously noted (see footnote 2), LSA-R.S. 23:1310.3 was amended while Sampson v. Wendy's Management, supra, was pending before the Louisiana Supreme Court. However, the court did not see fit to consider the amendment or whether, as a procedural statute, it could be applied retroactively. See Howard W. L'Enfant, Louisiana Civil Procedure, 1991-1992, 53 La. L.Rev. 863 (1993).
Under the reasoning of Sampson, supra, which remains viable, we find that the cause of action for retaliatory discharge is not a worker's compensation matter, but is a delictual employment action and therefore does not arise out of the Worker's Compensation Act. Accordingly, subject matter jurisdiction over retaliatory discharge claims continues to rest with the district courts. Therefore, the defendant's claim that the district court in this case lacked subject matter jurisdiction over the plaintiff's claim for retaliatory discharge is without merit.

LACK OF TRANSCRIPT
The defendant contends that the trial court erred in granting this default judgment. The defendant argues that the plaintiff failed to adequately allege retaliatory discharge in his pleadings and any evidence received in confirming the default could not enlarge the plaintiff's pleadings. The defendant also argues that, at the hearing to confirm the default, the plaintiff failed to establish the intent of the defendant in discharging the plaintiff and in fact to establish that the plaintiff was discharged at all. Further, although the defendant does not challenge the $15,000 award of damages, it contends that *1067 the $5,000 attorney fee award is excessive. These claims are without merit.
The trial court's conclusion as to whether a discharge is retaliatory, in violation of LSA-R.S. 23:1361, presents a factual issue. Lewis v. Willamette Industries, Inc., 537 So.2d 780 (La.App. 2d Cir.1989), writ denied 540 So.2d 331 (La.1989); Turner v. Winn Dixie Louisiana, Inc., 474 So.2d 966 (La.App. 5th Cir.1985), writ denied 478 So.2d 147 (La.1985).
Also, the issue of reasonableness of an attorney fee is largely a factual determination, based on factors such as the time and labor required, the local customary fee for similar legal services, the amount involved, the results obtained and the experience of the attorney performing the services. O'Brien v. Remington Arms Company, 601 So.2d 330 (La.App. 2d Cir.1992), writ denied 604 So.2d 1003 (La.1992).
In the present case, there is no transcript of the default hearing. LSA-C.C.P. Art. 2131 provides:
If the testimony of witnesses has not been taken down in writing, the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of facts which shall be conclusive.
When there is no written transcript of testimony, the burden is on the appellant to furnish either a stipulation of fact agreed upon between the parties or a narrative of fact by the trial court. Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986); State through DHHR v. Simmons, 521 So.2d 749 (La.App. 2d Cir.1988).
When there are factual issues in dispute and the record on appeal contains neither a transcript of testimony nor a narrative of facts agreed upon by the parties, or a narrative by the trial court, there is nothing for the appellate court to review. Tayco Construction Company, Inc. v. LaCuisine Restaurant, Inc., 593 So.2d 954 (La.App. 4th Cir.1992); Leger v. Lancaster, 423 So.2d 88 (La.App. 1st Cir.1982); Smith v. Gilmer, supra; Brown v. Brown, 595 So.2d 337 (La. App. 2d Cir.1992); Succession of Walker, 288 So.2d 328 (La.1974).
In the present case, we find that plaintiff's pleadings sufficiently alleged his claim for damages based upon a retaliatory discharge. The remaining issues raised by the defendant and argued as error are factual issues. Because the defendant has failed to carry its burden of presenting a record on these issues, there is nothing for this court to review regarding these assignments of error.

FRIVOLOUS APPEAL
The plaintiff answered the defendant's appeal. Plaintiff seeks damages, contending that the appeal was frivolous. The plaintiff also sought additional attorney fees for defending against the defendant's appeal. These arguments are meritless.
LSA-C.C.P. Art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or that the appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit, but raise legitimate issues, damages for frivolous appeals are not allowed. Barnes v. L.M. Massey, Inc., 612 So.2d 120 (La.App. 1st Cir.1992), writ denied 614 So.2d 81 (La.1993); Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir.1992).
In this case, we do not find that the appeal was taken solely for the purpose of delay. The exception of lack of subject matter jurisdiction and the issues raised on appeal presented serious legal questions. Therefore, the plaintiff's claim for damages for frivolous appeal is denied.

ATTORNEY FEES ON APPEAL
In his answer to the appeal, the plaintiff also contends that he is entitled to additional *1068 attorney fees for defense of this appeal. The plaintiff asserts that the additional sum of $1,500 would be an appropriate attorney fee award for defending against this appeal.
The general rule is that an increase in attorney fees is usually allowed where a party was awarded attorney fees by the trial court and is forced to and successfully defends an appeal. State Department of Transportation and Development v. Brookhollow of Alexandria, 578 So.2d 558 (La. App. 3rd Cir.1991), writs denied 581 So.2d 709, 710 (La.1991); Century 21 Gateway Realty v. Pard, Inc., 490 So.2d 753 (La.App. 3rd Cir.1986); Mamou Farm Services v. Hudson Insurance Company, 488 So.2d 259 (La.App. 3rd Cir.1986). However, even though requested, additional attorney fees may not be granted where the appellate court finds that the amount awarded in the trial court was sufficient to compensate counsel. See and compare Packard's Western Store v. State, Department of Transportation and Development, 618 So.2d 1166 (La.App. 2d Cir.1993), writ denied 629 So.2d 345 (La.1993); Schollian v. Ullo, 558 So.2d 776 (La.App. 5th Cir. 1990), writ denied 564 So.2d 324 (La.1990). In the present case, we find that the attorney fee award of $5,000, awarded by the trial court, is sufficient to compensate counsel for his work, both in this court and in the court below.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor of the plaintiff, Richard Fontenot. The defendant's exception of lack of subject matter jurisdiction and other arguments raised on appeal are rejected. Further, the plaintiff's claims for damages for frivolous appeal and for additional attorney fees on appeal are found to be without merit. All costs are assessed to the defendant.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1361, the statute upon which the plaintiff relies, provides in pertinent part:

B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
[2] The defendant further contends that the 1991 amendment to LSA-R.S. 23:1310.3 was intended to legislatively overrule Sampson v. Wendy's Management, supra. There is no merit in this contention. The 1991 amendment was signed into law in July, 1991 and promulgated in August, 1991. Sampson, supra, was not decided until January, 1992. Therefore, the legislature, in amending the statute, could not have intended to overrule a case before it was handed down.