661 So.2d 546 (1995)
Roosevelt THOMAS, Plaintiff-Appellee,
v.
GOULD STREET LOGGING, Defendant-Appellant.
No. 27,192-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*547 David K. Johnson, Baton Rouge, for appellant.
Hamilton & Carroll by Orlando N. Hamilton, Jr., Oak Grove, for appellee.
Before MARVIN, SEXTON and STEWART, JJ.
STEWART, Judge.
In this worker's compensation action, the employer appeals an award of temporary total benefits, as well as penalties and attorney fees for arbitrary and capricious action. We amend in part and as amended we affirm.
Claimant, Roosevelt Thomas, was employed as a truck driver by Gould Street Logging Company. On September 13, 1993, while in the course and scope of his employment, he overturned the truck he was driving in an attempt to avoid hitting some deer. Thomas was transported to Delta Regional Medical Center emergency room for treatment. There he was diagnosed with a possible lumbar strain and was referred to his orthopedic surgeon for follow-up. Thomas had undergone two prior back surgeries. A drug screen was performed which tested positive for cocaine use.
Louisiana Worker's Compensation Corporation, worker's compensation insurer for Gould Street Logging, paid for the hospital visit and two visits with claimant's orthopedic surgeon (September 22, 1993 and March 7, 1994). All other benefits were denied.
Thomas filed a claim with the office of worker's compensation seeking temporary total benefits and penalties and attorney fees for the alleged arbitrary and capricious denial of his claim by the defendant.
The hearing officer found in favor of Thomas, noting that he had a pre-existing back injury that dated back to 1985, but that the present accident aggravated this pre-existing injury. Temporary total benefits were awarded. Penalties and attorney fees were also assessed against Gould based upon the denial of benefits. The hearing officer found that the denial based upon the defense of intoxication, without proof, was arbitrary and capricious. Defendant abandoned the defense of intoxication at the hearing.
Gould appeals, arguing that there existed insufficient evidence (less than clear and convincing) to prove temporary total disability in light of the inconsistencies in the medical evidence and Thomas' testimony. Gould also argues that the denial of benefits was reasonable in light of the initial medical reports which indicated cocaine use on the part of *548 Thomas. Because Thomas refused to release his medical records, Gould claims that they were unable to show drug use and this amounted to a reasonable basis for the denial of weekly benefits. Finally, Gould asserts error in the calculation of weekly benefits and requests correction of that amount.
Thomas has answered the appeal, arguing that damages for frivolous appeal are warranted.

TEMPORARY TOTAL BENEFITS
Worker's compensation benefits for temporary total disability may be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of employment or self-employment, including any odd-lot employment, sheltered employment, or employment while working in pain, notwithstanding location or availability of any such employment or self-employment. Bailey v. Smelser Oil & Gas, Inc. 620 So.2d 277 (La.1993); Shelton v. Wall, 614 So.2d 828 (La.App.2d Cir.1993).
A worker's compensation claimant can prove disability by medical and lay testimony, and the trial court must weigh all of the evidence, medical and lay, in order to determine if claimant has met the burden of proving temporary total benefits. Bailey, supra.
The factual findings of the hearing officer should be given great weight and should not be overturned absent manifest error. Bailey, supra; Prim v. City of Shreveport, 297 So.2d 421 (La.1974).
A pre-existing disease or infirmity of an employee does not disqualify a claim if the work-related injury aggravated, accelerated, or combined with the disease or infirmity to produce disability for which compensation is claimed. Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985); Trimble v. Hadco Services, Inc., 93-1465 (La. App. 3d Cir. 6/1/94) 640 So.2d 645.
In this case neither party presented medical testimony. Medical reports of the emergency room visit by claimant and his two visits to Dr. Dean, orthopedic surgeon, were admitted into evidence. Claimant also testified relevant to his medical condition.
This evidence revealed that Thomas was involved in an accident during the course and scope of his employment with Gould Trucking on September 13, 1993. The truck which Thomas was driving overturned, pinning him inside the truck. The gear shift bent, securing Thomas' left leg under it trapping him in a folded position for approximately 25 minutes. Thomas testified that after exiting the truck his right leg was numb, his left leg was experiencing "slight pain," and he was having severe pain in his lower back and side. Thomas testified that the pain which he was experiencing on the date of the trial had not improved since the date of the accident and that prior to the accident, he did not have any pain, only stiffness.
He was transported to the emergency room of Delta Medical Center where he was diagnosed as having a lumbar strain secondary to the motor vehicle accident and was referred to his orthopedic surgeon who had performed two earlier back surgeries. Accordingly, Thomas visited Dr. A.E. Dean on September 22, 1993, who likewise diagnosed the injury as "[a]cute lumbar strain as well as pseudoarthrosis and previous fusion." Dean noted Thomas' two previous surgeries, which were described as an L5 diskectomy and posterior lateral fusion in 1986, and an exploration of the fusion in 1987. Dean wrote that Thomas stated that he "did well until he fell in 1989 and then again he hurt it again in September 1993." Thomas did not visit Dean again until March 7, 1994, complaining of back pain. Dean advised that Thomas required an MRI or myelogram.
The hearing officer found that this evidence was sufficient to demonstrate by clear and convincing evidence that his condition was aggravated by the accident in question thus rendering him temporarily totally disabled. Appellant, Gould Street Logging Company, argues error in this finding, acknowledging the pre-existing injury, but asserting that plaintiff has failed to prove an aggravation of that injury by the present accident.
*549 There is no dispute in the record that Thomas was involved in an accident in which his left leg was pinned in the truck by the gearshift. Afterwards, he experienced back pain and numbness in his legs. Medical reports substantiate that Thomas received a lumbar strain in the accident. Thomas indicated that while he experienced stiffness prior to the accident, he did not have the type of pain that he experienced after the accident and until the date of the hearing. Further medical evaluation after the present accident was thwarted by Gould's refusal to pay for the follow-up visits recommended by Dr. Dean. When he did return to Dr. Dean on March 7, 1994, six months after the incident, Dr. Dean felt Thomas's complaint necessitated further evaluation by way of an MRI or myelogram, all consistent with the injury dating back to September 13, 1993.
Although Thomas had two previous back surgeries, the evidence is consistent with the conclusion that he had substantially healed from those prior injuries. He worked with little difficulty approximately six months prior to the accident, as noted by the president of Gould Street Logging, who testified that she was pleased with his performance. The evidence also shows that Thomas had re-trained himself as a truck driver after the prior accidents in order that he would be able to work. His actions in securing the job with Gould support his testimony.
After viewing this evidence in its totality, we find it sufficient to demonstrate by clear and convincing evidence that Thomas was temporarily totally disabled as a result of the trucking accident on September 13, 1993. We affirm the trial court judgment in this regard.
We find error, however, in the trial court calculation of benefits at $70.00 per day. The testimony at trial indicated that Thomas earned a daily wage of $70.00 per day although at a varying number of days per week. Accordingly, we apply the provisions of LSA-R.S. 23:1021(10)(d) to calculate Thomas' average weekly income. Tri-State Insurance Company v. Mason, 369 So.2d 220 (La.App. 3d Cir.1979). Because Thomas worked for Gould Street Logging less than 26 weeks prior to the accident, his wages are calculated by calculating his gross earnings from Gould Street Logging for the period immediately preceding the accident divided by the number of days that Thomas actually worked during the period preceding the accident, multiplied by four. The payroll records of Thomas indicate that he earned $5547.50 from his date of employment with Gould on March 24, 1993, until the date of the incident, September 13, 1993. During that time he worked 83 days. Accordingly, his average daily wage is $66.84. When multiplied by four, his weekly wage totals $267.35. We therefore amend the hearing officer's judgment relating to the award of benefits to reflect the sum of $267.35 as the correct calculation of plaintiff's weekly salary upon which benefits are to be paid.

ARBITRARY AND CAPRICIOUS DENIAL OF BENEFITS
Appellant asserts that the trial court erred in finding that they were arbitrary and capricious in denying benefits and thus awarding penalties and attorney fees pursuant to the provisions of LSA-R.S. 23: 1201(E) and 1201.2.
The determination of whether an employer and/or insurer should be cast with penalties and attorney fees a is question of fact and the trial court's findings must not be disturbed on appeal absent manifest error. Vernon v. Wade Correctional Institute, 642 So.2d 684 (La.App. 2d Cir.1994). A reviewing court must always keep in mind that if the trial court's findings are reasonable in light of the record reviewed in its entirety, it may not reverse even if convinced that had it been the trier of fact it would have weighed the evidence differently. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
The appellant based its denial of benefits on an allegation of an alleged positive drug test. The WCHO found there was no evidence presented by Gould concerning drug results, and as a matter of fact, the appellant withdrew this contention prior to trial. In addition, the record reflects the appellant refused to pay for the appellee's return visits to Dr. Dean and there is no evidence to support this refusal. The WCHO assessed a *550 penalty of $1,000 and awarded attorney fees in the amount of $3,000.
We cannot say the award of penalties and attorney fees is manifestly erroneous.

DAMAGES AND ATTORNEY FEES FOR FRIVOLOUS APPEAL
Thomas has answered the appeal, requesting damages for the filing of a frivolous appeal and additional attorney fees for the services rendered in the defense of this appeal. Damages for the filing of a frivolous appeal are awarded when there is no serious legal question and when it is obvious that the appeal was filed for the purpose of delay or that the appealing counsel does not seriously believe in the position he advocates. Fontenot v. Flaire, Inc., 26,055 (La.App. 2d Cir. 8/17/94) 641 So.2d 1062; Barnes v. L.M. Massey, Inc., 612 So.2d 120 (La.App. 1st Cir.1992), writ denied, 614 So.2d 81 (La. 1993).
An increase in attorney fees on appeal is usually allowed where a party was awarded attorney fees by the trial court and is forced to and successfully defends an appeal. Fontenot, supra; State Department of Transportation and Development v. Brookhollow of Alexandria, Inc., 578 So.2d 558 (La.App. 3d Cir.1991), writs denied, 581 So.2d 709, 710 (La.1991).
In this case, because we have found merit to an issue raised by appellant, neither penalties nor attorney fees are warranted.

CONCLUSION
In conclusion, the trial court award of temporary total disability benefits to the plaintiff is affirmed. The trial court's basis for those benefits is amended to reflect that plaintiff's benefits should be based on a weekly salary of $267.35. The award of penalties and attorney fees is affirmed.
All costs are assessed to the defendant.
AMENDED IN PART AND AFFIRMED AS AMENDED.
SEXTON, J., dissents in part and assigns written reasons.
SEXTON, Judge, dissenting in part.
I agree with the majority opinion in all respects except one. I would reverse the award of penalties and attorney fees, and I therefore respectfully dissent on that issue.
The record includes a copy of the emergency room report prepared by Dr. Robert Argo of the Delta Regional Medical Center where plaintiff was initially treated following the instant accident. This report clearly indicates that the drug screen performed on Thomas after the September 13th accident showed positive for cocaine. The testimony of Brian Johnson, claims representative for the office of worker's compensation, indicated that the refusal to pay benefits was based upon this report.
Apparently, the details of the testing were difficult for the defense to tie down because the treating facility was located in Mississippi, and the plaintiff had not authorized release of his medical records. Clearly, the hospital could not provide them to the defense voluntarily without the plaintiff's permission. I find nothing in this record which would indicate that the defendants were dilatory in pursuing this question. Suit was filed within two weeks of the accident and trial was held just over six months later. The defendant abandoned the intoxication defense just days before the trial.
In a nutshell, plaintiff had a one-vehicle accident which he blamed on the fact that he had to dodge a deer. Immediately after the accident, what appears to be an accredited medical facility reported that his blood tested positive for cocaine. The defendant obviously endeavored to tie this matter down, but did not do so prior to trial held just seven months after the accident. Under these facts and current law on this question, I am convinced the failure to pay is not arbitrary and capricious and should not result in penalties and attorney fees.