756 So.2d 667 (2000)
Linda BROWN, Plaintiff-Appellant,
v.
RUSKIN MANUFACTURING CO., Defendant-Appellee.
No. 33,015-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*669 Hersy Jones, Jr., Shreveport, Counsel for Plaintiff-Appellant.
Cook, Yancey, King & Galloway by J. Todd Benson, Shreveport, Counsel for Defendant-Appellee.
Jack M. Bailey, Jr., Shreveport, Intervenor.
Before NORRIS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
The plaintiff, Linda Brown, appeals from a decision by the Office of Workers' Compensation, rejecting her claim for benefits. The defendant, Ruskin Manufacturing Company, answered, asserting that the plaintiff's appeal is frivolous and seeking damages. For the following reasons, we affirm the judgment in favor of the defendant and reject the defendant's frivolous appeal claim.

FACTS
The plaintiff was employed at the Ruskin Manufacturing Company and was injured on August 16, 1996, when a coworker, working at the table across from the plaintiff, lost her grip on a metal box. The box, weighing approximately 50-60 pounds, tipped forward and hit the plaintiff on the head as she had her head bent over her work. It appears that the impact was fairly light and left the plaintiff with a bruise about the size of a quarter at her hairline. Ms. Brown did not suffer a laceration. She was taken to the hospital, treated and released. She complains that at that point she began having headaches, which still persist. She also claims to suffer from depression and asserts that this condition is caused by the work-related injury. However, the plaintiff worked for five months after the accident, before *670 she sought medical treatment from a neurologist who gave her a release from work in January 1997. Apparently in 1997, the plaintiff and defendant entered into settlement negotiations and the defendant made an offer. According to Ruskin, the plaintiff failed to sign the papers, but the day after the offer, the plaintiff showed up at the company ready to work.
The plaintiff filed a disputed claim for compensation, seeking temporary total disability (TTD) benefits, mileage reimbursement, penalties and attorney fees from January 30, 1997 to September 1998.
Trial on the matter was held on January 26, 1999. The parties stipulated that the plaintiff was injured at work and medical records and depositions of the various treating physicians were filed into evidence. On March 10, 1999, the workers' compensation judge (WCJ) signed a judgment in favor of Ruskin, rejecting the plaintiffs claim for benefits.[1] In reasons for judgment, the WCJ found that the plaintiff did not show that she was unable to work. Also, the plaintiff did not show that her headaches, which began five months after the injury, were caused by the accident. The WCJ noted that the plaintiffs brain scan was normal and the etiology of her headaches was not suggested. The medical evidence showed no physical abnormality that prevented her from working and she did not prove that she had a compensable mental injury or disorder under La. R.S. 23:1021. The plaintiff appealed the judgment, listing numerous assignments of error.

ABANDONED ARGUMENTS
In her assignments of error, the plaintiff complains that the WCJ failed to enforce a settlement between the parties and failed to grant a continuance on the day of trial. The issue regarding enforcement of a settlement was not asserted at trial and there is no showing in the record that such an agreement existed. Regarding the request for a continuance, the WCJ refused to grant the motion made by the plaintiffs counsel on the day of trial, contending that he had not had adequate time to prepare his client for trial. The record shows that any difficulty experienced by the plaintiffs counsel in consulting with Ms. Brown was solely due to the plaintiffs failure to make herself accessible to her attorney.
More notably, regarding these two arguments, neither assignment was argued in the brief filed with this court. Assignments of error neither briefed nor argued in brief are deemed abandoned. URCA 2-12.4; Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657. Accordingly, because these two assignments of error have not been argued in brief, they are deemed to be abandoned.

PHYSICAL INJURY
The plaintiff argues that the trial court erred in finding that she failed to carry her burden of proof that she is unable to work as a result of a work-related injury and that she failed to prove that her headaches originated from the accident. The plaintiff contends in her brief that she "has sustained her burden in this matter and is entitled to temporary total disability benefits, mileage reimbursement, penalties and attorney fees for the period of January 30, 1997 until September 1998." These arguments are without merit.
Workers' compensation benefits are available for claimants who suffer personal injury by accident arising out of and in the course of employment. La. R.S. 23:1031(A). An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the *671 time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. La. R.S. 23:1021(1).
The claimant's burden of proof in establishing a causal relationship between a job-related accident and the disability is by a preponderance of the evidence. Green v. Conagra Broiler Co., 26,599 (La. App.2d Cir.3/01/95), 651 So.2d 335. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. For the employee to recover, she must show that her employment somehow caused or contributed to the disability, but she need not establish the exact cause. Taylor v. Columbian Chemicals, 32,411 (La.App.2d Cir.10/27/99), 744 So.2d 704.
If the employee proves a work-related injury, the employer is required to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the state, as legal for a compensable injury. La. R.S. 23:1203 A. The worker claiming medical benefits must prove by a preponderance of the evidence the necessity and relationship of the treatment to the work-related accident. Taylor v. Columbian Chemicals, supra.
Whether the claimant has carried her burden of proof and whether her testimony is credible are questions of fact to be determined by the WCJ. Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993); Poland v. Kroger #404, 32,576 (La.App.2d Cir.12/8/99), 747 So.2d 711.
The plaintiff was treated and released from the Minden Medical Center on the day of the accident. At that time, her injury was not serious and she was told she could return to work on the next regular working day. The plaintiff testified that she saw her family doctor, but then worked for five months before she began complaining of headaches. She saw Dr. Gregory Bell on January 22, 1997. Dr. Bell noted that the plaintiff claimed to have been injured at work and claimed to have suffered persistent headaches since that time. Dr. Bell did not think he could treat the plaintiff and referred her to Dr. Krysztof Kundo, a neurologist.
Dr. Kundo first saw the plaintiff on January 30, 1997, complaining of headaches and depression. He determined that more probably than not the plaintiffs headaches were caused by the blow to the head she experienced at work. However, Dr. Kundo ordered a brain scan on the plaintiff which was normal and did not indicate the etiology of her headaches. Also, even though Dr. Kundo gave Ms. Brown medical approval to be off work for an extensive period of time, he stated this was more of a suggestion than "permission" because he felt there was no danger that her condition would worsen if she worked.
Dr. Kundo, who gave two depositions in this matter, stated that the plaintiff had become increasingly depressed while he was treating her and he felt that her headaches would stop if she took her medication regularly.[2] The plaintiff did not take the medication prescribed by Dr. Kundo, claiming that she could not afford it. Dr. Kundo gave Ms. Brown numerous samples of medication, but the plaintiff continued to complain of headaches and depression. However, the plaintiff refused Dr. Kundo's suggestion that she seek *672 treatment at LSUMC, which would provide no-cost or low-cost care and medication. During his treatment of the plaintiff, Dr. Kundo referred her to Dr. James H. Phillips, a psychiatrist. Interestingly, Dr. Kundo gave one deposition while settlement negotiations were ongoing between the parties and he indicated that the plaintiffs condition would improve if she obtained a resolution to the legal aspects of this matter.
In a later deposition, Dr. Kundo stated that the plaintiff had tension headaches, post traumatic headache, depression and was noncompliant. At that point, he thought the plaintiff should try to return to work and to redirect her attention to something other than her condition. He stated that on February 19, 1998, he talked with the plaintiff about returning to work and she stated that she did not want to do so.
The plaintiff was sent to Dr. Mary McWilliams, a neurologist, for an independent medical examination. Dr. McWilliams found that the plaintiff suffered a relatively minor head injury at work. She noted that the plaintiff did not complain of neck problems which usually accompany a severe head injury. Dr. McWilliams stated that any headaches the plaintiff had for 3 to 4 weeks after the accident were probably attributable to that injury. However at the time of this examination, the plaintiff was suffering from moderately severe depression which did not appear ascribable to the minor, work-related head injury. Dr. McWilliams stated that depression caused by a head injury is usually limited to the first four months after the injury. She thought that the plaintiff was having stress headaches and that her headaches were probably related to depression more than they were to the head injury, which was not severe and was equivalent to bumping one's head on a cabinet door.
Based upon this medical evidence, the WCJ was not manifestly erroneous or clearly wrong in finding that the plaintiff was not suffering from headaches caused by a work-related injury or that she was disabled as a result. The evidence shows that the plaintiff suffered a minor blow to the head which resolved in 3 to 4 weeks. The plaintiff continued to work during that time and, in fact, worked for five months after the accident. Therefore, she has not shown that she sustained a compensable work-related accident.

MENTAL INJURY
The plaintiff argues that the WCJ erred in rejecting her claim that she suffers from a compensable mental injury or disorder which is attributable to the accident. This argument is without merit.
As discussed above, under the Louisiana Workers' Compensation Law, an employee may recover benefits if he proves that he received a work-related personal injury by accident. Where a mental injury or illness develops secondary to a physical injury sustained in a work-related accident, an employee is entitled to compensation benefits for any disability resulting from the mental injury and to reimbursement for mental treatment medical expenses. Sparks v. Tulane Medical Center Hospital & Clinic, 546 So.2d 138 (La.1989); Traweek v. City of West Monroe, 30,571 (La.App.2d Cir.5/13/98), 713 So.2d 655, writ denied, 98-1936 (La.11/6/98), 727 So.2d 449.
La. R.S. 23:1021(7)(c) and (d) provide, in pertinent part, as follows:
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee's body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
(d) No mental injury or illness shall be compensable under Subparagraph (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the *673 condition meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association.
Thus, in order to obtain compensation benefits for a mental injury caused by a physical injury, (1) the claimant must prove by clear and convincing evidence that the physical injury caused the mental injury; (2) the mental injury must be diagnosed by a licensed psychiatrist or psychologist; and (3) the diagnosis must meet the most current criteria established by the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders. Charles v. South Central Industries, 96-0883 (La.11/25/96), 683 So.2d 706. The "clear and convincing" standard is a heavier burden of proof than the usual civil case "preponderance of the evidence" standard but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. Bundren v. Affiliated Nursing Homes, Inc., 94-808 (La.App. 3d Cir.2/01/95), 649 So.2d 1177. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable; that is, much more probable than its nonexistence. Hines v. Williams, 567 So.2d 1139 (La.App. 2d Cir. 1990), writ denied, 571 So.2d 653 (La. 1990); Traweek v. City of West Monroe, supra.
It is well established that the workers' compensation act is remedial in nature, and that provisions of the workers' compensation law should be liberally construed in favor of the claimant. Daugherty v. Domino's Pizza, 95-1394 (La.5/21/96), 674 So.2d 947. Although compensation laws are to be construed liberally in the claimant's favor, the worker's burden of proof is not relaxed. Traweek v. City of West Monroe, supra. Disability can be proven by medical and lay testimony and the WCJ's factual determination whether the worker has discharged his burden of proof should not be disturbed on review absent manifest error. Traweek v. City of West Monroe, supra. Nevertheless, reviewing courts must analyze claimed disability caused by mental conditions with utmost caution in view of the nebulous characteristics of mental conditions and the possibility of symptoms being easily feigned. Westley v. Land & Offshore, 523 So.2d 812 (La.1988); Traweek v. City of West Monroe, supra.
According to Ms. Brown, the evidence shows that Dr. Kundo determined that she was depressed and sent her to Dr. Phillips, a psychiatrist. She claims that Dr. Phillips confirmed the diagnosis of depression, but had difficulty treating her because Ruskin would not pay for her medication. Ms. Brown asserts that the independent medical examination by Dr. McWilliams confirmed that she was depressed and could not return to work until she was psychologically ready to do so. The plaintiff claims this is an admission by the defendant's medical expert that Ms. Brown is disabled due to depression.
The plaintiff offered the medical records of Dr. James H. Phillips, the psychiatrist to whom Ms. Brown was referred by Dr. Kundo. Dr. Phillips first saw the plaintiff on June 16, 1997. Dr. Kundo had indicated that Ms. Brown was profoundly depressed. In addition to her head injury, many months previously, Dr. Phillips noted that the plaintiff had been separated from her husband for eleven months. Even though the records describe treatment of depression, Dr. Phillips' diagnostic impression was postconcussion headache, not depression. Based upon this showing, the plaintiff has simply failed to provide a diagnosis of a mental injury or disorder by a licensed psychiatrist or psychologist. Therefore, under the provisions cited above, Ms. Brown has not sustained her burden of proving a compensable mental injury or disorder.

PENALTIES AND ATTORNEY FEES
The plaintiff also claims penalties and attorney fees. She argues that the evidence *674 established that the plaintiff was disabled due to headaches and depression and there was no reason for Ruskin to deny her TTD benefits or to refuse to pay for medication. This argument was raised only in brief and was not among the plaintiffs assignments of error. Further, because we find that the plaintiff is not entitled to workers' compensation benefits, we also reject her claim for penalties and attorney fees.

FRIVOLOUS APPEAL
Ruskin answered the appeal, claiming the plaintiffs appeal was frivolous and seeking damages. The company argues that in the proceedings below, the plaintiff presented no evidence whatever in support of her claims and therefore, there was no good faith basis upon which to base her appeal. This argument is without merit.
Appeals are favored and appellate courts are therefore, reluctant to impose damages for frivolous appeal. Harris v. Gaylord Bag Company, 26,335 (La. App.2d Cir.12/7/94), 647 So.2d 542, writ denied, 95-0051 (La.3/17/95), 651 So.2d 268. La. C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or the appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit but raise legitimate issues, damages for frivolous appeals are not allowed. Fontenot v. Flaire, Inc., 26,055 (La.App.2d Cir.8/17/94), 641 So.2d 1062; Thomas v. Gould Street Logging, 27,192 (La.App.2d Cir.9/27/95), 661 So.2d 546.
We do not find that the imposition of damages are warranted in this case. While we do not find any merit in the plaintiffs assignments of error, we do find that counsel was sincere in advocating these positions.

CONCLUSION
For the reasons stated above, we affirm the judgment of the WCJ, in favor of the defendant, Ruskin Manufacturing Company, rejecting the demands of the plaintiff, Linda Brown, for workers' compensation benefits. Costs in this court are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] We note that on December 10, 1998, the plaintiff's former attorney, Jack M. Bailey, Jr., filed a petition of intervention and notice of lien for his attorney fees, claiming that he represented the plaintiff in the early stages of the suit before she employed her present counsel, Hersy Jones, Jr.
[2] The defendant argues that the plaintiff's brief does not comply with URCA 2-12.4 because it does not give accurate citations to the referenced portions of Dr. Kundo's depositions. That provision specifies that the court may disregard an argument on an error in the event that suitable reference to the record is not made. Because we reject the plaintiff's claims on the merits, a decision as to this argument is not necessary.