h GASKINS, J.
The plaintiff, James W. Parrott, appeals from a trial court judgment holding him solely at fault in a collision between his truck and a vehicle driven by defendant Thomas A. McCarty. We affirm the trial court judgment. Additionally, we deny the defendants’ request for frivolous appeal damages.
FACTS
The collision between the plaintiff and Mr. McCarty occurred on June 8, 1996, in Ouachita Parish. Following a rainstorm on a humid day, driving conditions were wet and visibility was somewhat impaired. The plaintiff left the Twin City Drag Strip which was located on Prairie Road, a two-lane undivided road without shoulders. He was driving north on Prairie Road, passing its intersection with Underwood Road, when he decided to check on whether a gate on Underwood Road had been locked. He began to back down Prairie Road, going south in the northbound lane.
Mr. McCarty was driving north in the northbound lane of Prairie Road. As he came out of a curb near the intersection with Underwood Road, he saw the plaintiffs truck. Initially he did not realize that the vehicle was backing up. Once he did, he applied his brakes, which locked up. As there was no road shoulder, he was unable to further attempt to avoid the collision.
The plaintiff filed suit against Mr. McCarty and State Farm Mutual Automobile Insurance Company, the insurer of the McCarty vehicle. Originally, the plaintiff also sued Tommie D. McCarty, Mr. McCarty’s father and the owner of the vehicle driven by Mr. McCarty. The senior McCarty died before trial. At the conclusion of the plaintiffs case, the court granted the defense’s motion to dismiss him. Additionally, State Farm and Tommie D. McCarty initially reconvened against the plaintiff and his insurer; however, they dismissed their claims with prejudice prior to trial.
LA bench trial was held in January 2000. The plaintiff testified that when he realized that the McCarty vehicle was not *168 slowing down, he accelerated forward at 20 mph. He also asserted that Mr. McCarty told him that he did not see him because his window was fogged. Mr. McCarty denied making such a statement.
Ramona Escalón, a driver who witnessed the accident while at a stop sign on Underwood Road, testified that she saw the plaintiffs vehicle begin backing up after it passed the intersection. She never observed any back-up lights on the truck. She then saw the McCarty vehicle approach. She heard the tires squeal as Mr. McCarty tried to avoid the collision. According to her testimony, at the time of impact, the plaintiffs truck was still moving backwards. State Trooper R.J. Almond also testified; he no longer recalled the specific accident and relied solely upon his report. In it, he had attributed statements to Ms. Escalón that the plaintiffs vehicle had unsuccessfully tried to go forward to avoid the accident; however, Ms. Escalón testified that the trooper never took any statement from her beyond writing down her name, address and phone number. Nonetheless, according to the trooper’s report, he concluded that the plaintiff was at fault.[1] An accident reconstruction expert, John Bentley, opined that the plaintiff was at fault in causing the accident. He testified that the physical evidence would have been different if the plaintiff had been going forward at 20 mph at the time of impact. In his opinion, the plaintiff was, more likely than not, backing up at the time of impact and not moving forward.
The trial court issued written reasons for judgment. It found no evidence of any negligence on the part of Mr. McCarty. Instead, the court held the accident was caused solely by the plaintiffs fault and that his level of fault barred all recovery by him. In the “very strong opinion of the court,” the plaintiff violated Uthe provisions of La. R.S. 32:281, which establishes the limitations on backing.[2] The court concluded that the plaintiffs “driving maneuvers created the emergency situation from which defendant McCarty could not extract himself.”
The plaintiff appealed. The defendants answered the appeal, asserting that the plaintiffs appeal was frivolous and brought only for delay.
MANIFEST ERROR
It is well settled that a court of appeal may not set aside a trial court’s factual findings in the absence of manifest error or unless such findings are clearly wrong. Reasonable evaluations of credibility and inferences of fact should not be disturbed, even though the appellate court may believe that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse the trial court’s factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings, and must determine that the record establishes the findings as clearly wrong or manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993).
Where there are two permissible views of the evidence, the fact-finder’s choice between them cannot be clearly wrong or manifestly erroneous. Rosell, supra. When findings are based on evalu *169 ations of witness credibility, the manifest error/elearly wrong standard demands great deference to the trial court. Rosell, supra.
Review of the record in the instant case reveals no manifest error in the trial court’s decision. According to La. R.S. 32:281, backing up a vehicle is permissible only when the maneuver can be made “with reasonable safety and ^without interfering with other traffic.” The evidence overwhelmingly demonstrated that the plaintiff was solely at fault in causing the accident. Consequently, we affirm the trial court judgment in favor of the defendants.
FRIVOLOUS APPEAL
Appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Harris v. Gaylord Bag Company, 26,335 (La.App.2d Cir.12/7/94), 647 So.2d 542, writ denied, 95-0051 (La.3/17/95), 651 So.2d 268. La. C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or the appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit but raise legitimate issues, damages for frivolous appeals are not allowed. Fontenot v. Flaire, Inc., 26,055 (La.App.2d Cir.8/17/94), 641 So.2d 1062; Thomas v. Gould Street Logging, 27,192 (La.App.2d Cir.9/27/95), 661 So.2d 546.
At oral argument, appellant asserted the issues of comparative fault and the conflict pertaining to Ms. Escalon’s recollection of the accident. Finding that counsel apparently believed in the position he argued, we decline to award damages for frivolous appeal.
CONCLUSION
The judgment of the trial court is affirmed. Frivolous appeal damages are denied. Costs of this appeal are assessed against the appellant.
JUDGMENT AFFIRMED. FRIVOLOUS APPEAL DAMAGES DENIED.

. The plaintiff was cited by the state police for improper backing. He was found guilty of this traffic offense and fined $100.

. In relevant part, La. R.S. 32:281 states:
A. The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.