747 So.2d 711 (1999)
Jeanie R. POLAND, Plaintiff-Appellant,
v.
KROGER, # 404, Defendant-Appellee.
No. 32,576-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
Rehearing Denied January 20, 2000.
*712 Hyman Law Firm by Michael L. Hyman, Emmett E. Batson, Baton Rouge, Counsel for Appellant.
Mayer, Smith & Roberts by Alex S. Lyons, Shreveport, Counsel for Appellee.
Before NORRIS, C.J., and BROWN and CARAWAY, JJ.
BROWN, J.
In this workers' compensation case, claimant, Jeanie R. Poland,[1] appeals the Workers' Compensation Judge's ("WCJ's") finding that she did not prove a causal relationship between her disabling back condition and her work-related back injury. For the following reasons, we affirm.

Factual Background
Jeanie R. Poland, a manager in the floral department of the Kroger # 404 grocery store in Shreveport, Louisiana, alleged in these proceedings that she became disabled as a result of an injury she sustained when a metal desk affixed to the wall in the back area of Kroger came loose and fell on her. At trial, it *713 was stipulated that claimant was injured in a work-related accident on January 23, 1997; however, the extent of her injuries remained in dispute.
Claimant's injuries were initially diagnosed as contusions to her lower back and left hand. Claimant then consulted her family physician, Dr. Allen Cox, who referred her to Dr. Don Burt, an orthopaedic surgeon. Dr. Burt noted that claimant was suffering from low back pain that was radiating into her right hip and down her right leg. Claimant denied to Dr. Burt a previous history of this type of injury.
Dr. Cox then ordered an MRI to be taken of claimant's lumbar spine. Dr. Kurt Grozinger, a radiologist, administered the procedure and found a mild central disc protrusion at L4-5 causing minimal to mild impingement upon the thecal sac.
Claimant was then referred to Dr. Ramos, a neurosurgeon, for an evaluation. As with Dr. Burt, claimant did not relate a previous history of this type of injury. Dr. Ramos recommended that claimant undergo surgical treatment and over the next several months, he performed three separate surgeries on claimant's lumbar spine at L4-5 and L5-S1.
For eight weeks following the accident, Kroger paid claimant temporary total disability indemnity benefits totaling $1,802.64 and medical expenses totaling $4,762.59. Kroger then terminated all benefits based on its belief that claimant's disabling condition was caused solely by a pre-existing condition attributable to a 1995 automobile accident.
In the 1995 accident, claimant's car was totaled and she received injuries to her low back, neck, hips and jaw. Her tort claim for this accident was still pending as of the date of trial in the instant matter. As a result of this accident, claimant's injury caused her to experience low back pain that radiated down her right leg. An MRI of claimant's lumbar spine revealed degenerative disk disease at L4-5 and L5-S1 with a small central disk bulge at L4-5 causing minimal effacement of the thecal sac. At this point, a conservative course of treatment was followed, i.e., pain medication and physical therapy. Claimant missed approximately three months of work before returning on a light duty basis.
In connection with the 1995 accident, claimant continued receiving treatment from Dr. Cox on a regular basis through February 1996. In January 1997, just prior to the present incident, claimant saw Dr. Cox complaining of neck pain. Dr. Cox referred her to North Louisiana Physical Therapy ("NLPT") where she was treated for neck and low back pain from January 13, 1997 to January 22, 1997.
Confronted with the proposition that claimant's disabling condition was a result of her automobile accident and not the Kroger accident, Dr. Cox stated that he felt that the Kroger accident exacerbated any pre-existing condition causing claimant to require surgery.
Likewise, Dr. Ramos testified that he felt that the Kroger accident aggravated a pre-existing condition and caused increased intensity or frequency of the symptoms requiring surgical treatment. He was not concerned that claimant did not reveal her history of back problems, stating that the information was irrelevant, further noting that it could have been a failure to investigate on his part instead of a failure on claimant's part to disclose.
Dr. Grozinger reviewed both the 1995 and the 1997 MRI's of claimant's lumbar spine and found no significant differences, noting that both showed a small bulge at L4-5. Further, in a September 1996 deposition concerning her tort action arising out of the 1995 automobile accident, claimant stated that she experienced continuing low back pain and had fallen several times because of the pain.
After hearing the testimony of claimant and reviewing the medical evidence and all other relevant evidence, the WCJ found *714 that at the time of the Kroger accident, claimant had not recovered from her 1995 automobile accident and that the Kroger accident neither aggravated nor combined with claimant's pre-existing condition to cause her current disability. The WCJ specifically noted that claimant's testimony was not credible regarding the details of the Kroger accident or the severity of the injuries she sustained.

Discussion
On appeal, claimant urges error in the WCJ's finding that her disabling condition was not causally connected to her work-related accident. Workers' compensation benefits are available for claimants who suffer personal injury by accident arising out of and in the course of employment. La. R.S. 23:1031(A). An employment-related accident is an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. La. R.S. 23:1021(1). An employee's preexisting disease or infirmity does not disqualify her workers' compensation claim if the work-related injury either aggravated or combined with the disease or infirmity to produce the disability for which compensation is claimed. Andrews v. Music Mountain Water Co., 25,634 (La.App.2d Cir. 04/06/94), 637 So.2d 571.
The claimant's burden of proof in establishing a causal relationship between a job-related accident and the disability is by a preponderance of the evidence. Green v. Conagra Broiler Co., 26,599 (La. App.2d Cir.03/01/95), 651 So.2d 335. The causal relationship, however, can be established when the employee proves that before the accident she was in good health, but commencing with the accident the symptoms of the disabling condition appeared, and there is sufficient medical evidence to show a reasonable possibility of causal connection between the accident and the disabling condition. Allen v. Misco Paper, 27,146 (La.App.2d Cir.08/23/95), 660 So.2d 175.
Whether claimant has carried her burden of proof and whether her testimony is credible are questions of fact to be determined by the WCJ. Where there are two permissible views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
In the case at bar, claimant argues that the medical evidence clearly showed that before the Kroger accident she was not disabled. In our examination of the record, however, we find that there are two permissible views of the evidence. One is that the Kroger accident caused or combined with a pre-existing condition to leave the claimant disabled. The second, and the one the WCJ subscribes to, is that the Kroger accident was not the cause or even a contributing factor of claimant's disabling condition.
An overwhelming amount of testimony showed that after the 1995 automobile accident, claimant suffered from continuous low back pain. This evidence dispels claimant's contention that she is entitled to a presumption of causation because she did not have disabling symptoms before the Kroger accident. Further, medical records and claimant's deposition following the 1995 automobile accident are sufficient proof that her disabling symptoms continued up to the day before the Kroger accident.
Giving due deference to the WCJ's determinations of fact and evaluations of credibility, we cannot say that the conclusion that claimant failed to establish a causal connection between her disabling condition and the Kroger accident is clearly wrong.

Conclusion
For the foregoing reasons, the judgment of the Worker's Compensation Judge, in *715 favor of defendant, Kroger, and rejecting the demands of claimant, Jeanie R. Poland, is affirmed. Costs are assessed to the claimant.
AFFIRMED.
APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, GASKINS, CARAWAY and DREW, JJ.
Rehearing denied.
NOTES
[1] At some point before trial, claimant married and her name changed to Jeanie Poland Montelbano.