WILLIAMS, J.
 

 I,The claimant, Velma Brewer, appeals a judgment in favor of the defendant, “Whispering Pines Nursing Home. The Workers’ Compensation Judge (WCJ) found that the claimant failed to prove that a work-related accident caused her injury and that claimant forfeited any right to compensation by making false statements to obtain benefits. For the following reasons, we affirm.
 

 FACTS
 

 On May 27, 2007, the claimant, Velma Brewer, reported that she injured her lower back attempting to move a patient while working as a Certified Nurse’s Assistant at Whispering Pines Nursing Home. Brewer was transported to the emergency room at Springhill Medical Center. Initially, the employer paid Brewer’s medical expenses and workers’ compensation benefits. The third party administrator, Risk Management Services (RMS), interviewed Brewer and conducted an investigation and a
 
 *1031
 
 search of her medical records. Following the investigation, RMS terminated workers’ compensation benefits on the basis that her alleged injury was not related to any accident at Whispering Pines.
 

 The claimant filed a disputed claim for compensation seeking reinstatement of indemnity and medical benefits, physical therapy, penalties and attorney fees. The defendant, Whispering Pines, filed an answer denying that an accident had occurred. After taking the claimant’s deposition, the defendant filed an amended answer asserting that claimant had forfeited her right to benefits by intentionally making false statements to obtain benefits and failing to truthfully answer the employer’s medical | ^questionnaire.
 

 At trial, claimant introduced the medical testimony of Dr. Patrick Deere, who opined that based on claimant’s description of the accident, she more probably than not was injured in the May 2007 accident and was unable to work. Dr. Carl Goodman, the independent medical examiner, reported that claimant needed physical therapy and a functional capacity evaluation. The employer sought to impeach claimant’s testimony with medical records showing that she had previously complained of low back pain after an auto accident. Claimant denied having prior back pain as reflected in the medical records.
 

 Subsequently, the WCJ issued reasons for judgment, finding that claimant had forfeited her right to benefits under LSA-R.S. 23:1208.1 by failing to admit to prior doctor visits as shown by medical records, that she lacked credibility, and that she had failed to meet her burden of proving that a work-related accident had occurred. The WCJ rendered judgment dismissing claimant’s claim for compensation. The claimant appeals the judgment.
 

 DISCUSSION
 

 The claimant contends the WCJ erred in allowing the defendant to refer to uncertified medical records in questioning an expert witness. Claimant argues that the physician’s testimony based on the un-certified records was not competent evidence for impeaching claimant’s credibility.
 

 The workers’ compensation judge shall not be bound by technical rules of evidence or procedure, but all findings of fact must be based upon |scompetent evidence. LSA-R.S. 23:1317. The WCJ has the discretion to admit evidence that would otherwise be excluded under the Louisiana Code of Evidence.
 
 Bolton v. B E & K Construction,
 
 01-0486 (La.App. 1st Cir.6/21/02), 822 So.2d 29. The legislative requirement that a WCJ’s factual findings be based upon competent evidence is the safeguard ensuring that the factual findings are made on evidence that has some degree of reliability, notwithstanding that the evidence might fall outside of the technical rules for admissibility. The appellate court must determine whether the factual findings of the WCJ are reasonable and supported by competent evidence in the record.
 
 Johnson v. Berg Mechanical Industries, Inc.,
 
 36,913 (La.App.2d Cir.5/16/03), 847 So.2d 216.
 

 In the present case, Dr. Deere testified that he saw claimant in May 2007 with a complaint of back pain following an accident at work. Dr. Deere stated that after examining claimant and reviewing x-rays of her lower back, he diagnosed her with low back pain and spondylolisthesis. On cross-examination, Dr. Deere testified that in his practice he relied on the medical records of other physicians in forming his opinion. Dr. Deere stated that the claimant had not given a history of any prior low back problems and that such information would be significant in determining if
 
 *1032
 
 her back pain was related to the May 2007 accident. Over claimant’s objection, the WCJ allowed the defendant to question Dr. Deere with reference to uncertified medical records from Springhill Medical Center and Lewisville Clinic.
 

 After the hearing resumed at a later date, the defendant introduced |4into evidence certified copies of the medical records that were previously used to question the witness. Pursuant to LSA-R.S. 13:3714, a certified copy of medical records is acceptable as prima facie proof of its contents in a court of competent jurisdiction. There has been no showing that the certified copies of medical records from Springhill Medical Center and Lewisville Clinic contained any information different from the uncertified medical records previously used at trial. Thus, we cannot say the WCJ erred in admitting these medical records into evidence. The assignment of error lacks merit.
 

 Causation
 

 The claimant contends the WCJ erred in dismissing her claim for benefits. Claimant argues that her testimony and the medical evidence shows more probably than not that her back and leg injuries were caused by the work accident.
 

 An employee is entitled to receive workers’ compensation benefits for personal injuries caused by an accident arising out of and in the course of employment. LSA-R.S. 23:1031. A claimant must establish the occurrence of a work-related accident by a preponderance of evidence.
 
 Thomason v. Wal-Mart Stores, Inc.,
 
 37,-520 (La.App.2d Cir.9/4/03), 852 So.2d 1283. The claimant must also prove by a preponderance of evidence a causal relationship between the job-related accident and the disability. The causal connection can be established when the employee proves that before the accident she was in good health, but commencing with the accident the symptoms of the disabling condition appeared.
 
 Poland v. Kroger, # 404,
 
 ,32,576 (La.App.2d Cir.12/8/99), 747 So.2d 711.
 

 In the present case, the medical records show that on March 9, 2006, several days after being involved in an automobile accident, claimant presented to the Springhill Medical Center with complaints of severe low back pain. The following week, x-rays of her back showed mild spondylotic changes in her lower lumbar spine. On April 5, 2006, claimant visited Dr. Sherry Diamond at the Lewisville Clinic and stated that working at a nursing home was aggravating her back. Dr. Diamond diagnosed claimant with low back pain from a disc problem secondary to the March 2006 car accident. On December 1, 2006, approximately 6 months before her accident at Whispering Pines, the claimant saw Dr. Deere with complaints of low back pain over the last 4 to 5 days.
 

 At trial, claimant testified that she felt pain in her lower back after trying to help a patient at work on May 27, 2007. Contrary to the above-mentioned medical records, claimant stated that until that time,
 
 “I
 
 had never hurt in my back before.” Claimant testified that she continued to feel severe back pain at the time of trial and was unable to work. She asserted that she injured her neck, not her back, in the 2006 car accident. Claimant testified that she “never” experienced low back pain prior to the May 2007 accident and denied complaining about having low back pain for 4-5 days at her December 2006 visit to Dr. Deere.
 

 The claimant’s testimony was contradicted by the medical records, which demonstrated that after her 2006 auto accident, claimant experienced low back pain that continued until a number of months before her alleged |fiwork accident. The medical evidence dispels any contention that claim
 
 *1033
 
 ant did not exhibit symptoms of back pain before the accident at Whispering Pines. In addition, the WCJ heard the testimony and specifically found that claimant lacked credibility in failing to admit in court her prior complaints of back pain during multiple doctor visits. Based upon the evidence contained in the record, we cannot say the WCJ was clearly wrong in finding that the claimant failed to satisfy her burden of proving by a preponderance of evidence that her current medical condition was caused by a work accident in May 2007. In reaching this conclusion, we pretermit a discussion of the remaining assignment of error.
 

 CONCLUSION
 

 For the foregoing reasons, the Office of Workers’ Compensation judgment is affirmed.
 

 AFFIRMED.